UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL QUINN,

        Plaintiff,

    -against-                      12 Civ. 2423 (KBF)

ELI S. JACOBS,

        Defendant.

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE
IMMATERIAL AND IMPERTINENT
MATTER FROM THE COMPLAINT**

                                              KASOWITZ, BENSON, TORRES
                                                  & FRIEDMAN LLP
                                                  David E. Ross
                                                  Danielle M. Kudla
                                                  1633 Broadway
                                                  New York, New York 10019
                                                  Tel:  (212) 506-1700

                                                  *Attorneys for Defendant*
                                                  *Eli S. Jacobs*

**PRELIMINARY STATEMENT**

This suit alleges the breach of a letter agreement between plaintiff Quinn and defendant Jacobs for the repurchase of Quinn's stock in a company. Plaintiff, and its experienced counsel, could have pled this claim in a handful of paragraphs properly confined to the facts concerning *this* case. Instead, they chose to parrot extraneous allegations against the defendant from a completely unrelated, pending litigation for the purpose of damaging defendant's reputation and to prejudice defendant in this case and in the media. To that end, the complaint includes immaterial, impertinent and prejudicial references to and quotations from a recently filed promissory note litigation brought by a "John Hennessy" against Mr. Jacobs. Indeed, plaintiff gratuitously attaches as Exhibit 1 to his complaint the affidavit of Hennessy in that other case, which itself contains impertinent allegations regarding defendant and one of his businesses. Plaintiff's improper motive in so doing was confirmed very shortly after he filed his complaint when various reporters -- to whom the complaint had apparently been funneled -- called defense counsel for comment about this case and the Hennessy suit, and then followed up with articles about this suit.

The Second Circuit and numerous courts within the Southern District have stricken from complaints just such immaterial and impertinent allegations regarding unrelated, pending litigation. Here, as in those cases, the disparaging quotations from and allusions to unrelated and unresolved litigation have no place in the complaint. The Court should strike the offending paragraphs and exhibit, and award defendant his costs and fees on this motion necessitated by plaintiff's gratuitously disparaging and reprehensible pleading.

## FACTUAL BACKGROUND

In this diversity action, plaintiff's sole claim is for breach of contract. The complaint alleges that plaintiff invested $400,000 in defendant's emerging technology company, Alternative Packaging Solutions, LLC ("APS"). Plaintiff alleges he invested expecting that he would have a significant management role at APS (Compl., ¶¶ 19, 21-24), and that when that role did not materialize, the parties entered into a stock repurchase agreement (*id.* ¶¶ 37-38). Plaintiff alleges defendant recently breached that repurchase agreement, and that plaintiff is entitled to some $400,000 plus interest. (*Id.* ¶ 41.)

The complaint includes four paragraphs of allegations drawn directly from a completely unrelated, promissory note suit pending in this Court, entitled *Hennessy v. Jacobs*, 12 Civ. 00044 (AJN).[1] Plaintiff does not claim to have any personal knowledge whatsoever regarding Hennessy's claim, nor does the complaint demonstrate any relevance or material connection whatsoever between the two suits. Instead, the complaint gratuitously alludes to Hennessy's allegations against defendant Jacobs in Hennessy's suit on a promissory note. Those allegations, at paragraphs 12, 42, 43 and 44 of the complaint, are as follows:

- "Unknown to [plaintiff] Quinn, just weeks earlier, Mr. Jacobs had informed an investor [later identified as Hennessy at paragraph 43 of plaintiff's complaint] that he was unable to repay more than $1 million in personal loans and more than $45,000 in missed interest payments. With the consent of the investor, the loans were consolidated, extended and secured with 1,474,282 common membership Units in GeoBiotics, one of the Jacobs companies." See, Exhibit 1, Affidavit of John M. Hennessy (*Id.* ¶ 12);

- "Mr. Quinn is not alone in having to chase Mr. Jacobs into Court in order to enforce a written promise." (*Id.* ¶42.)

---

[1] The Hennessy action is presently on appeal to the Second Circuit, Docket No. 12-1319, following the District Court's order denying jurisdictional discovery and remanding the action to state court.

- "On December 11, 2011, John M. Hennessy, a former Chairman and CEO of Credit Suisse First Boston, who, like Mr. Quinn, was an investor in several of Mr. Jacobs fledgling companies, commenced an action against Mr. Jacobs in Supreme Court, New York County, Index No. 114514-11 ("the Hennessy Action") to recover $1,359,866 plus interest from Mr. Jacobs for non-payment of a consolidated note representing a series of unpaid promissory notes given for personal loans (referred to in Paragraph 12 of this Complaint). The Hennessy Action was removed to the Southern District of New York on the basis of diversity jurisdiction, as File No. 12 CV 0044 (AJN)(AJP)." (*Id.* ¶43.)

- "The consolidated note referred to in the Hennessy Action was secured by 1,474,286 common LLC membership interests in GeoBiotics, which Mr. Jacobs and Mr. Hennessy valued at $1.75 per interest on June 29, 2007, but which, by October 2010, according to Mr. Hennessy's affidavit in the Hennessy Action,

    'had significantly declined in value based on the company's poor performance. In fact, in October 2010, I abandoned my interest in 28,571.4 GeoBiotics common limited liability company membership interests that I owned directly and have written off such investments for Federal income tax purposes.' " (*Id.* ¶44.)

Indeed, paragraph 42 of the complaint concedes that plaintiff Quinn had no personal knowledge regarding the facts of Hennessy's alleged loan or loans to Jacobs, and the remaining allegations gratuitously summarize and republish Hennessy's allegations in that unrelated case. And, to further pollute plaintiff's complaint with Hennessy's allegations, plaintiff attaches as the first exhibit to his complaint Hennessy's six-page moving affidavit in support of Hennessy's motion for summary judgment in lieu of complaint in that other case. (*Id.*, Ex. 1.)

Plaintiff commenced this action on March 30, a Friday. On the morning of the next business day, Monday, April 2, the undersigned received multiple calls from reporters, including from Bloomberg News and Law 360, advising that they had been provided with the complaint, and were seeking comment from Mr. Jacobs as to the allegations therein including specifically the Hennessy suit. Later that day, Bloomberg News and Law 360 ran articles regarding plaintiff's complaint against Mr. Jacobs.

3

## ARGUMENT

### THE COURT SHOULD STRIKE FROM THE COMPLAINT THE IMMATERIAL AND IRRELEVANT ALLEGATIONS, AND AFFIDAVIT, CONCERNING THE PENDING HENNESSY LITIGATION

A district court may strike from a pleading "any … immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005). While the Second Circuit has set the bar high for the granting of a motion to strike, which should not be granted "unless it can be shown that no evidence in support of the allegation would be admissible," that Court affirmed the grant of just such a motion where, as here, the offending allegations concern an unrelated pending litigation the allegations from which would not be admissible in the trial of plaintiff's claim. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893-94 (2d Cir. 1976) (affirming order striking references to SEC complaint against defendant alleging violations of securities laws where there was no adjudication on the merits of the issues raised in the complaint, notwithstanding potential relevance of the SEC's opinion).

Applying *Lipsky*, courts in this District have likewise granted motions to strike gratuitous and immaterial allegations concerning pending suits brought by others in unrelated litigation against the defendant. *Low v. Robb*, No. 11-Civ-2321, 2012 U.S. Dist. Lexis 6836, at *24-25 (S.D.N.Y. Jan. 20, 2012) (striking all references to unrelated dispute and lawsuit); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09-Civ- 4050, 2010 U.S. Dist. Lexis 102134, at *5 (S.D.N.Y. Sept. 28, 2010) (striking paragraphs of complaint "based on pleadings and settlements in other case and government investigations"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d

4

382, 403 (S.D.N.Y. 2009) (striking paragraphs based on "complaints filed in actions that were never resolved on the merits and, thus, did not result in any findings of law or fact"); *In re Merrill Lynch & Co., Research Reports Sec. Litig.*, 218 F.R.D. 76, 78-79 (S.D.N.Y. 2003) (striking paragraphs referring to or relying on pending disputes as "Second Circuit case law makes it clear that references to preliminary steps in litigations…are, as a matter of law, immaterial under Rule 12(f)").

Most recently, in *Robb v. Low*, *supra*, Judge Oetken granted defendant's motion to strike paragraphs of the complaint relating to an unrelated, pending litigation between the defendant and his siblings. *Low*, 2012 U.S. Dist. Lexis 6836, at \*27. The Court rejected plaintiff's argument that the statements regarding the pending lawsuit were admissible because they "provided context or background to the action," and showed defendant's "pattern of conduct in breaching his promises to his close friends and family members in connection with the sale of [property]." *Id.* at \*25-27. The Court held that under settled Second Circuit law, allegations in a complaint "that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)." *Id.* at \*26. As a result, all references to unrelated disputes and pending lawsuits involving Robb were stricken from the complaint. *Id.* at \*27.

Here, paragraphs 12, 42, 43 and 44 of the Complaint (and, of course, the affidavit attached as Exhibit 1), are based on allegations in a separate, pending action which has no connection whatever to this suit, or the contract allegedly breached in this case, and which itself has not been adjudicated on the merits. Clearly, the allegations in Hennessy's pending suit on a promissory note have not the slightest connection to plaintiff's claim here that defendant breached a stock repurchase contract. Were plaintiff to seek to introduce at the trial of this action

the fact of Hennessy's pending suit, or to quote to the jury from or allude to Hennessy's allegations, this Court would properly exclude such evidence on numerous grounds including irrelevance, lack of foundation, plaintiff's lack of personal knowledge, the statements are hearsay, and because any imagined probative worth would be outweighed by its prejudicial effect. Indeed, not a single allegation in the four offending paragraphs tends to prove any allegation in this case.

## CONCLUSION

For the foregoing reasons, defendant respectfully submits that the Court should strike paragraphs 12, 42, 43 and 44 of the complaint, and should strike Exhibit 1 to the complaint. As this motion was necessitated by plaintiff's gratuitously disparaging and reprehensible pleading, the Court should also award defendant its actual costs and legal fees in connection with this motion.

New York, New York
April 23, 2012

>Respectfully submitted,
>
>KASOWITZ, BENSON, TORRES
> & FRIEDMAN LLP
>
>By: /s/ David E. Ross
>David E. Ross (dross@kasowitz.com)
>Danielle M. Kudla (dkudla@kasowitz.com)
>
>1633 Broadway
>New York, New York 10019
>(212) 506-1700
>*Attorneys for Defendant*