KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
David E. Ross
Danielle M. Kudla
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700

*Attorneys for Defendant*
*Eli S. Jacobs*

**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

MICHAEL QUINN,

        Plaintiff,

    -against-              **12 Civ. 2423 (KBF)**

ELI S. JACOBS,

        Defendant.

**ANSWER AND COUNTERCLAIM**
<u>**OF DEFENDANT ELI S. JACOBS**</u>

      Defendant Eli S. Jacobs, by his attorneys Kasowitz, Benson, Torres & Friedman LLP, as and for his Answer and Counterclaim to the first amended complaint (the "FAC") filed by Plaintiff Michael Quinn, states as follows:

      1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1.

      2.     Defendant admits the allegation in paragraph 2.

      3.     Defendant admits the allegation in paragraph 3.

4. Defendant denies the allegations in paragraph 4, except admits that venue is proper in this District.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8, except denies knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10, except denies telling Plaintiff he had "controlling interests" in a wide variety of companies and denies describing the companies as owning "disruptive technologies."

11. Defendant denies the allegations in paragraph 11, except admits telling Plaintiff that several of the companies were always looking to add valuable resources.

12. Defendant denies the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13, except denies that the meetings occurred between August 2009 and May 2010.

14. Defendant admits the allegations in paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's home in Santa Barbara.


15. Defendant admits the allegations in the first sentence of paragraph 15. Defendant denies the allegations in the second sentence of paragraph 15. Defendant denies the allegations in the third sentence of paragraph 15, except admits Defendant was the Chairman of Geobiotics.

16. Defendant denies the allegations in paragraph 16, except admits that Defendant told Plaintiff he could have a role in GSF that would help the company.

17. Defendant denies the allegations in paragraph 17, except admits that Plaintiff made an initial investment in GSF, followed by a second investment.

18. Defendant admits the allegations in paragraph 18, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits the allegations in paragraph 21, except denies formally agreeing Plaintiff would serve as the Chairman of APS.

22. Defendant admits the allegations in paragraph 22, except denies stating or reiterating that Plaintiff would be given "senior management responsibilities."

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24, except admits that several notable securities industry professionals are on the board of directors of The Water Company, including Stan O'Neal.

...

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26, except admits that he spoke with Plaintiff as Plaintiff said he was driving back to Denver.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant admits the allegations in the first sentence of paragraph 29. Defendant denies the allegations in the second sentence of paragraph 29.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Defendant admits the allegations in paragraph 31.

32. Defendant denies the allegations in the first sentence of paragraph 32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35, except admits Plaintiff asked for his $400,000 investment in APS to be refunded.

36. Defendant denies the allegations in paragraph 36.

37. Paragraph 37 contains legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 37 and refers the Court to the document for the complete terms thereof.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

## GENERAL DENIAL

42. Unless specifically admitted herein, Defendant denies each and every allegation in the FAC.

## FIRST AFFRIMATIVE DEFENSE

43. The FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

44. Plaintiff's claim is barred by lack of ripeness.

## THIRD AFFIRMATIVE DEFENSE

45. Plaintiff's claim is barred by novation.

## FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff's claim is barred by waiver, estoppel, unclean hands, consent, ratification and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

47. Plaintiff's claim is barred by the doctrine of unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claim is barred by Plaintiff's breach of contract, failure to perform, and/or failure of a condition precedent.

## SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claim is barred because Plaintiff's claimed damages were caused in whole or in part by Plaintiff's breach of contract, and/or his own actions or omissions.

EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to mitigate his alleged damages.

NINTH AFFIRMATIVE DEFENSE

51. Plaintiff's claim is barred by Plaintiff's bad faith.

TENTH AFFIRMATIVE DEFENSE

52. If any judgment is awarded in Plaintiff's favor, it should be set off by the damages suffered by Defendant including with respect to Defendant's counterclaim.

ELEVENTH AFFIRMATIVE DEFENSE

53. Defendant reserves his right to amend his answer to assert any other defenses as may appear during the course of this action.

By pleading the foregoing affirmative defenses, defendant does not assume the burden of proving any element of plaintiff's claims for which plaintiff bears the burden of proof.

**COUNTERCLAIM**

(Tortious Interference With Contract)

Eli S. Jacobs, as and for his counterclaim against Michael Quinn, alleges as follows:

1. Eli S. Jacobs is a citizen of New York.

2. Michael Quinn purports to be a citizen of California.

3. There is diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1), and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

4. In or about 2006, Jacobs was appointed Chairman, and was a significant shareholder, of GeoSynfuels, LLC ("GSF"), a technology company focusing on alternative

6

methods for the production of biofuels.  As Chairman of GSF, Jacobs was responsible for, among other things, directing GSF's long-term development strategy, managing GSF's operating budget and investment strategy, as well as overseeing GSF's corporate board.  As Chairman of GSF, Jacobs earned and was paid $435,000 in annual compensation.

5. Jacobs first met Quinn in the summer of 2009.  Quinn expressed interest in GSF and wanted to learn more about potential investment opportunities in GSF.  Quinn subsequently invested in GSF.

6. In or about June 2010, Quinn, and others acting in concert with him (the "Others") formed a wrongful scheme to force Jacobs to resign as Chairman of GSF.  Quinn and the Others had no valid basis for their scheme, nor were their any valid grounds on which Quinn or the Others could demand that Jacobs resign as Chairman of GSF. At that time, Quinn and the Others knew that Jacobs earned and was paid annual compensation of $435,000 as Chairman of GSF, and knew that Jacobs was the largest shareholder of GSF.

7. In furtherance of the wrongful scheme, Quinn and the Others threatened Jacobs that unless he resigned as GSF's Chairman, they would publicize to others false negative allegations (the "False Allegations") detrimental to Jacobs' reputation, and would, if necessary, destroy the value of Jacobs' equity in GSF.

8. Quinn and the Others acted as agents for one another in carrying out this wrongful scheme to oust Jacobs as Chairman of GSF, and to defame him, and otherwise damage his reputation.  Neither Quinn, nor any of these Others, was privileged to take this wrongful action against Jacobs.

9. In furtherance of the wrongful scheme, one of the Others, acting as agent for Quinn and the Others, visited Jacobs' New York office and threatened Jacobs that if he did not

immediately resign as Chairman from GSF, then Quinn and the other Others would call a shareholder meeting at which they would publish the False Allegations, would otherwise permanently damage Jacobs' good name and reputation, and could potentially destroy the value of Jacobs' substantial equity in GSF.

10. During this time period, GSF -- at Jacobs' direction -- was in the midst of raising capital essential to the company's sustainability and growth. As a substantial stock holder in GSF, and as Chairman dedicated to GSF's development, Jacobs was acutely aware of the devastating effects a shareholder meeting accusing him of the False Allegations would have on GSF's then-current and future fundraising efforts, and its ability to continue. Such a shareholder meeting was required to be disclosed to investors, and even such absolutely false allegations as threatened to be published by Quinn and the Others had the potential to terminate all capital-raising for GSF and, as a result, destroy GSF.

11. Jacobs -- faced with the immediate threat that Quinn and the Others would destroy GSF, and destroy Jacobs' professional and personal reputation by publishing the False Allegations -- was left with no choice but to accede to Quinn's and the Others' coercive and extortionate threats.

12. As a direct result of Quinn's and the Others' wrongdoing, Jacobs was constructively terminated as Chairman of GSF on or about August 30, 2010.

13. Since August 2010, Jacobs has not been employed by GSF. Jacobs has been deprived of $435,000 in annual income as a result of the wrongful actions of Quinn and the Others.

14. Since August 2010, Quinn has continued to make false allegations regarding Jacobs in an effort to damage Jacobs' standing and reputation with investors and others.

15. By reason of the foregoing, Jacobs is entitled to compensatory damages in an amount to be determined of not less than $1 million.

16. By reason of the foregoing, Jacobs is entitled to an award of punitive damages in an amount to be determined of not less than $1 million, to an award of his attorneys' fees and costs, and to such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Jacobs demands a trial by jury.

Dated: New York, New York
　　　　May 16, 2012

　　　　　　　　　　　　　　　　　KASOWITZ, BENSON, TORRES
　　　　　　　　　　　　　　　　　　& FRIEDMAN LLP

　　　　　　　　　　　　　　　　　By: s/ David E. Ross
　　　　　　　　　　　　　　　　　　　David E. Ross (dross@kasowitz.com)
　　　　　　　　　　　　　　　　　　　Danielle M. Kudla (dkudla@kasowitz.com)

　　　　　　　　　　　　　　　　　1633 Broadway
　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　(212) 506-1700
　　　　　　　　　　　　　　　　　Attorneys for Defendant Eli S. Jacobs